Filed 12/11/20  P. v. Atencio CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C091496 |
| v. | (Super. Ct. Nos. 19CF03579, 19CF04422) |
| ANGELO ATENCIO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Angelo Atencio asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In June 2019, law enforcement located defendant near a hat that contained .36 grams of methamphetamine.  Later that month, the People charged defendant in case 19CF03579 (case 79) with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  The prosecutor also alleged that defendant had a prior strike

1

conviction (Pen. Code, §§ 1170.12, 667, subds. (b)- (i))[1] and had served six prior prison terms (§ 667.5, subd. (b)).

Five days after defendant was released from custody in case 79, law enforcement found him in possession of 1.62 grams of methamphetamine. In July 2019, the People charged him in case 19CF04422 (case 22) with possession of a controlled substance and asserted the same enhancement allegations made in case 79.

The trial court subsequently suspended proceedings in both cases to determine defendant's mental competency. After a forensic psychologist submitted a report to the trial court concluding defendant was mentally competent to stand trial, the trial court reinstated criminal proceedings.

In November 2019, after his cases were consolidated and pursuant to an agreement with the People, defendant pleaded no contest to the two possession charges and the trial court dismissed the enhancement allegations. Defendant signed and initialed a written plea form providing, among other things, that he waived any direct appeal absent any "appeal to sentencing error."

In January 2020, at sentencing, defense counsel explained that he discussed the possibility of mental health diversion with defendant. (§ 1001.36) Among other things, defense counsel told the trial court that defendant wanted to resolve his case and did not want diversion, he wanted probation and residential treatment. The trial court explained that defendant's numerous prior convictions and prior prison terms, among other things, supported not granting probation and that aggravating circumstances outweighed mitigating circumstances. Defense counsel did not object. The trial court sentenced defendant to an aggregate term of three years eight months in state prison, consisting of the upper term of three years for the possession offense in case 79, and eight months

---

[1] Undesignated statutory references are to the Penal Code.

2

(one-third the middle term) for the possession offense in case 22. The trial court awarded 257 days of presentence credit.

Defendant did not seek a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed and defendant did not file a supplemental brief. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

  /S/  
MAURO, Acting P. J.

We concur:

  /S/  
MURRAY, J.

  /S/  
DUARTE, J.

3